# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF
REINSTATEMENT OF RICHARD
CRANE, BAR NO. 9536.

No. 68052

**FILED**

JAN 2 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER DENYING REINSTATEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that suspended attorney Richard Crane's petition for reinstatement be denied.[1]

Based on a petition filed under SCR 111, Crane was temporarily suspended from the practice of law in Nevada and referred for disciplinary action on November 15, 2010, following his conviction of sexually motivated coercion, a felony. *In re Discipline of Richard Crane*, Docket No. 57121 (Order of Temporary Suspension and Referral to Disciplinary Board, November 15, 2010). During the formal hearing, Crane admitted to communicating with an individual who he believed to be a 15-year-old minor and agreeing to and arriving at an in person meeting with that individual, whereupon he was arrested. Evidence

---

[1]Crane submitted an "opening brief," *see* SCR 116(2) (providing that attorney has 30 days from date that supreme court acknowledges receipt of the record within which to file an opening brief or otherwise advise the court whether he intends to contest the hearing panel's findings and recommendation), but it contains no argument and instead indicates that Crane submits the matter to the court based on the record. Accordingly, this matter shall stand submitted on the record. *See id.* ("If no opening brief is filed, the matter will be submitted for decision on the record without briefing or oral argument.").

16-02322

regarding the communications confirmed that significant portions were sexual in nature. Following a formal hearing, a Southern Nevada Disciplinary Board hearing panel found that Crane violated RPC 8.4(b) (misconduct: commission of a criminal act that reflects adversely on the lawyer's fitness to practice) and recommended a six-month-and-one-day suspension from the practice of law. On review of that recommendation, this court agreed that a suspension was appropriate but that the seriousness of the criminal offense warranted a three-year suspension, retroactive to the date of the temporary suspension. *In re Discipline of Richard Crane*, Docket No. 59168 (Order of Suspension, January 10, 2013). Given the length of the suspension, Crane had to petition for reinstatement under SCR 116. Crane filed his petition for reinstatement with the State Bar on February 12, 2015—more than four years after the effective date of his three-year suspension.

SCR 116(2) requires that an attorney seeking reinstatement demonstrate "by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in law required for admission to practice law in this state," and that the attorney's "resumption of the practice of law will not be detrimental to the integrity and standing of the bar, to the administration of justice, or to the public interest." In addition to those requirements under SCR 116, when we imposed the three-year suspension, we ordered that any petition for reinstatement filed by Crane must demonstrate proof that he has (1) continued to seek psychosexual therapy with Mr. John Pacult, a licensed clinical social worker, or a similarly situated professional; (2) met all the requirements and conditions of his probation for the criminal conviction; and (3) abstained from any further criminal or professional misconduct.

*In re Discipline of Richard Crane*, Docket No. 59168 (Order of Suspension, January 10, 2013).

Having reviewed the record, we agree with the hearing panel's recommendation. To his credit, Crane met his burden to demonstrate by clear and convincing evidence that he has the competency and learning in law required for admission to practice law in this state, *see* SCR 116(2), he was honorably discharged from probation in the criminal case, and he has not engaged in any further criminal or professional misconduct. Like the hearing panel, however, we are concerned that while he complied with the letter of this court's therapy requirement, he did not comply with its spirit as he was dishonest about his sexual behavior during the first three years of therapy, which undermined the efficacy of that therapy. Although Pacult testified that despite Crane's dishonesty, he believes Crane remains a low risk to reoffend and that Crane has been meaningfully participating in therapy since November 2013, we share the hearing panel's concern that this is not clear and convincing evidence that Crane has the moral qualifications required for admission to practice, *see* SCR 116(2), particularly considering his dishonesty during a significant portion of the period of suspension. We are mindful of Crane's refocused participation in therapy and Sex Addicts Anonymous since November 2013 but remain convinced that a period of such participation commensurate with the original suspension is appropriate to demonstrate Crane's rehabilitation and moral qualifications to practice law. Accordingly, we deny the petition for reinstatement. Crane shall pay the costs of the reinstatement proceedings that exceed any advance cost deposit tendered under SCR 116(4) within 30 days of the date of this order.

Crane may file another petition for reinstatement on or after November 1, 2016. *See* SCR 116(6) (providing that successive petition may not be filed within 1 year following adverse judgment on a petition for reinstatement, "unless otherwise ordered by the court"). This court will be disinclined to approve a successive petition for reinstatement unless the petition demonstrates proof that Crane has (1) continued to meaningfully participate in psychosexual therapy with Pacult or another similarly situated professional, (2) not engaged in any additional criminal or professional misconduct, and (3) otherwise met the requirements of SCR 116(2). We suspend the requirement in SCR 116(5) that Crane retake the bar examination provided that the petition for reinstatement is filed no later than two years from the date of this order.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:     Chair, Southern Nevada Disciplinary Board
        William B. Terry, Chartered
        C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
        Kimberly K. Farmer, Executive Director, State Bar of Nevada